**UNITED STATES DISTICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN MICHIGAN**

SAMUEL J. GAYMON III,

    Plaintiff,

                                       Case:

v.

                                       Hon:

STELLANTIS N.V.,

    Defendant,

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

---

## **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff Samuel J. Gaymon III, by and through his attorneys Scott P. Batey and the Batey Law Firm, PLLC and for his Complaint against Defendant, Stellantis N.V. states as follows:

1.     Plaintiff, Samuel J. Gaymon III (hereinafter "Plaintiff"), is a resident of the City of Trenton, County of Wayne, and State of Michigan.

2. Defendant, Stellantis N.V. (hereinafter "Defendant") is a foreign-based limited liability company that is duly authorized to do business in the County of Wayne, State of Michigan and whose resident address is located at 4400 Easton Commons Way Suite 125, Columbus, OH 43219, and whose principal place of business 38111 Van Dyke Ave, Sterling Heights, MI 48315.

3. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

4. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 USC §1391(b) and (c) and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful racial discrimination/harassment and retaliation in violation of Title VII, 42 U.S.C. §1981, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## GENERAL FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. In or around March 2016 Plaintiff began his employment with Defendant, which was then Fiat Chrysler Automotive (FCA), as a Maintenance Supervisor.

8. Plaintiff was transferred over to the Sterling Heights Assembly Plant (SHAP) in or around May 2017 for job advancement as a Professional Maintenance Specialist.

9. At the time of this transfer, Plaintiff was told he was being transferred because the Sterling Heights Assembly Plant needed someone "knowledgeable of the body shop and department operations" and because he desired to finish his Master's of Science Degree in General Engineering.

10. In or around August 2017, Plaintiff's new head supervisor, Demetrius Williams, blocked his job advancement and told Plaintiff that he was not competent enough to hold the Professional Maintenance Specialist role.

11. Demetrius Williams was one of the few African American supervisors for Defendant in that facility and enjoyed his status as one of the few African American supervisors so he discriminated against Plaintiff and other African Americans to prevent him from being promoted.

12. The Professional Maintenance Specialist was filled by non-African American co-worker with less work experience in the industry and who had only recently been hired.

13. In or around September 2020, Demetrius Williams set up a fake interview for Plaintiff to harass him.

14. There were no roles at that time and Plaintiff had not applied for any position, but Williams instructed Plaintiff to go to the interview.

15. In this fake interview, those employees interviewing Plaintiff told him that they assumed he had expressed interest in their department.

16. While Plaintiff was attempting to pursue his Master's of Science Degree in General Engineering he was told by Bill Kenny, a higher-up from the corporate offices, "Why do you want to be an engineer? – be a maintenance boy."

17. In or around July 2018, Demetrius Williams harassed Plaintiff via the shop radio swearing and yelling at him. On this occasion and others Williams came down to the shop floor to swear and yell at Plaintiff.

18. On several other occasions, Demetrius Williams has told Plaintiff to "dumb down" his shift notes.

19. Demetrius Williams directly blocked the promotion of other black employees as well, including George Smith.

20. On or about June 2, 2021 Plaintiff filed a Charge of Discrimination against Defendant, alleging race discrimination.

21. At all times relevant, Plaintiff was an employee of Defendant, Stellantis N.V. who is vicariously liable for the wrongful and illegal acts of its employees including but not limited to Demetrius Williams.

22. Plaintiff received a right to sue letter on or around July 2, 2021.

## COUNT I
## RACIAL DISCRIMINATION IN
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964

23. Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24. Plaintiff belongs to a protected class as an African-American.

25. Plaintiff was subjected to unwelcome communication and conduct on a daily basis due to his race, including but not limited to:

   a. Being told he should not try to advance his career based on his race;

   b. Being told he was incompetent based on his race;

   c. Being subjected to fake interviews to harass him and waste his time based on his race;

   d. Being more closely scrutinized than other employees of Defendant;

   e. Being terminated due to his race.

26. The unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and created an intimidating, hostile, or offensive work environment.

27. Pursuant to Title VII of Civil Rights Acts of 1964, Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation from his employer based upon his race.

28. Plaintiff's race was a factor in Defendants' actions, treatment, conduct and attitude towards Plaintiff.

29. Defendant is Plaintiff's employer within the meaning of Title VII of Civil Rights Acts of 1964.

30. Plaintiff was subjected to repeated and continuous discriminatory treatment based upon his race by Defendant, their employees, representatives and agents including to being subjected to a hostile work environment, and adverse employment action.

31. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII of Civil Rights Acts of 1964 as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

32. Defendant, their agents, employees and representatives created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by engaging in racial discrimination in the workplace;

    b. Imposing discipline based on race;

    c. Taking adverse employment action against Plaintiff based upon his race;

    d. Preventing Plaintiff from having full and fair opportunities to advance in his position based upon his race; and

    e. Creating a hostile work environment for Plaintiff by discriminating against him, and harassing him due to his race.

33. Defendant owed Plaintiff as an African-American employee, a duty to adequately advise their employees, agents and representatives to refrain from discriminating against employees.

34. Defendant owed Plaintiff as an African-American, a duty to refrain from discriminating against him, harassing him and treating him differently as a direct result of his race.

35. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

36. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant and their agents, representatives and employees.

37. Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate

## COUNT II
## RACIAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF 42 U.S.C. §1981

38. Plaintiff incorporates by reference paragraphs 1 through 37 of the Complaint as though fully set forth herein.

39. Plaintiff belongs to a protected class as an African-American.

40. Plaintiff was subjected to unwelcome communication and conduct due to his race including being treated differently and in a more hostile manner than similarly situated Caucasian employees and being more closely scrutinized than similarly situated Caucasian employees.

41. Defendant's conduct was intentional and motivated by Plaintiff's race as an African-American.

42. The conduct was so severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

43. Plaintiff believed his work environment to be hostile and abusive as a direct result of Defendant's conduct.

44. Plaintiff suffered adverse tangible employment actions as a result of the hostile work environment, including termination.

45. Plaintiff was terminated on May 11, 2021 as a result of his race.

46. Pursuant to 42 U.S.C. §1981 Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment including termination from his employer and/or supervisors based upon his race.

47. Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

48. Plaintiff was subjected to repeated and continuous discriminatory treatment based upon his race by Defendant, to the point where his status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

49. Plaintiff is entitled to punitive, exemplary and compensatory damages pursuant to 42 U.S.C. §1981 as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

50. Defendant, as represented by its employees, representatives and agents, acted with malice or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT III
## RACIAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2201, *et seq*

51. Plaintiff incorporates by reference paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52. Plaintiff belongs to a protected class as an African-American.

53. Plaintiff was subjected to unwelcome communication and conduct.

54. Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including termination from his employer based upon his race.

55. Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

56. Plaintiff is entitled to exemplary and compensatory damages pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

57. Defendant owed Plaintiff as an African-American employee, a duty to refrain from discriminating against him, harassing him and treating him differently as a direct result of his race.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## CLAIM IV
## RETALIATION

58. Plaintiff incorporates by reference paragraphs 1 through 57 of the Complaint as though fully set forth herein.

59. Pursuant to Title VII, 42 U.S.C. §1981, and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon Plaintiff's race.

60. Plaintiff's race was a factor in Defendant's employment decisions.

61. Defendant was Plaintiff's employer within the meaning of Title VII, 42 U.S.C. § 1941, and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

62. During the course of his employment with Defendant, Plaintiff was subjected to constant unwelcome harassment/discrimination based on his race creating a hostile work environment by Defendant.

63. The harassment/discrimination based on Plaintiff's race created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

64. Plaintiff complained to Human Resources about Defendant employees and supervisors, that he was being discriminated against due to his race and that he was being subjected to a hostile work environment.

65. Plaintiff's complaints to upper manegment were protected activities.

66. Defendant had both actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

67. Defendant's Human Resource officers informed Plaintiff's manager Demetrius Williams that Plaintiff had complained to Human Resources.

68. Demetrius Williams would then harass Plaintiff for talking to Human Resources.

69. Despite having notice of the harassment/discrimination and conduct toward Plaintiff based on his race, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon his race and in retaliation for his complaints of harassment/discrimination.

70. Defendants' harassment/discrimination of Plaintiff creating a hostile work environment was an especially malicious or reckless act of discrimination and Plaintiff is entitled to punitive damages.

71. The harassment/discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate Title VII, 42 U.S.C. § 1941, and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, MI 48025
    (248) 540-6800-telephone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated:  September 15, 2021

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Samuel J. Gaymon III, by and through his attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-phone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated: September 15, 2021